UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Linda Back,

      Plaintiff,

v.                                                                    Case No. 09-14446

Hartford Life and Accident Insurance                 Honorable Sean F. Cox
Company,

      Defendant.

_____/

## ORDER AFFIRMING
## MAGISTRATE JUDGE WHALEN'S DISCOVERY RULING

This matter is currently before the Court on Defendant's Objections to Magistrate Judge

Steven Whalen's July 1, 2010 Opinion & Order which granted in part, and denied in part,

Plaintiff's motion to compel discovery. For the reasons set forth below, the Court affirms

Magistrate Judge Whalen's ruling that Plaintiff is entitled to the narrow discovery at issue.

BACKGROUND

Plaintiff filed a complaint for long term disability benefits, brought under the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et. seq.*

Plaintiff then served Defendant with limited discovery requests, seeking discovery on the

issue of bias or conflict of interest. Plaintiff's discovery request consist of two requests for

production of documents and three interrogatories.

Defendant objected to the discovery request and Plaintiff filed a motion to compel

discovery. Plaintiff's motion to compel discovery was referred to Magistrate Judge Whalen for

hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).

The parties fully briefed the issues and Magistrate Judge Whalen heard oral argument on April 27, 2010.

On July 1, 2010, Magistrate Judge Whalen issued an "Opinion and Order Granting In Part and Denying In Part Motion to Compel Discovery." (Docket Entry No. 24). In that Opinion & Order, Magistrate Judge Whalen noted that the "initial point of contention between the parties is whether a plaintiff seeking discovery in an ERISA case must first make some predicate factual showing on the issue of bias or conflict of interest." (*Id*. at 2-3). After analyzing the parties' competing arguments, Magistrate Judge Whalen ultimately concluded that to the extent that the cases cited by Defendant (*Putney*[1] and *Likas*[2]) require a predicate showing of bias or conflict, beyond that which would be required under Rule 26, those cases do not survive the *Glenn*[3] decision." (*Id.* at 5). Notably, Magistrate Judge Whalen further concluded that "even under the 'predicate showing' test of *Likas* and *Putney*, Plaintiff has more than met her burden of justifying the need for discovery." (*Id*. at 9). Magistrate Judge Whalen did, however, conclude that Interrogatory No. 2 is overly broad and unduly burdensome. Thus, he denied the motion as to Interrogatory No. 2 but granted the motion as to the remaining discovery requests and ordered that discovery produced within 14 days of the date of the Opinion & Order.

On July 15, 2010, Defendant filed timely objections to Magistrate Judge Whalen's July 1, 2010 Opinion & Order. (Docket Entry No. 26). Plaintiff filed a response to the objections.

---

[1]*Putney v. Medical Mutual of Ohio,* 111 Fed.Appx. 803 (6th Cir. 2004).

[2]*Likas v. Life Ins. Co. of N. America*, 222 Fed.Appx. 481 (6th Cir. 2007).

[3]*Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

2

<u>Standard Of Review:</u>

The parties agree that this Court may reconsider Magistrate Judge Whalen's rulings if it is shown that his order is "clearly erroneous or contrary to the law." 28 U.S.C. § 636.

ANALYSIS

Defendant's July 15, 2010 Objections consist of two narrow objections to Magistrate Judge Whalen's Opinion & Order. (*See* Objections at ii, 5, 6 & 12).

First, Defendant objects to Magistrate Judge Whalen's conclusion that plaintiffs in ERISA benefit litigation are no longer required to make a predicate showing of bias or conflict of interest prior to being allowed discovery. (*See* Objections at 5, stating that Defendant objects to that portion of the Opinion & Order that holds "to the extent that *Putney* and *Likas* require a heightened predicate showing of bias or conflict, beyond that which would be required under Rule 26, those cases do not survive the *Glenn* decision."; Objections at 6, stating that the Opinion "must be set aside because it is contrary to the law of the Sixth Circuit to the extent that it holds that an ERISA plaintiff is entitled to discovery without making a predicate showing."). Defendant then sets forth its position that a predicate showing is still required before discovery is allowed.

This Court need not determine whether a predicate showing is required because Magistrate Judge Whalen also concluded that "even under the 'predicate showing' test of *Likas* and *Putney*, Plaintiff has more than met her burden of justifying the need for discovery." (*Id*. at 9).

Second, Defendant objects to Magistrate Judge Whalen's conclusion that, with the exception of Interrogatory No. 2, Plaintiff's discovery requests are narrowly focused on the

relevant issues of bias and conflict of interest.  (*See* Objections at 5).  Defendant asserts that it should not have to respond to the discovery requests because they are overly burdensome.

Having reviewed the limited discovery requests at issue, and the parties' respective positions, the Court concurs with Magistrate Judge Whalen's determination that the requests are narrowed focused to the relevant issues of bias and conflict of interest.

### CONCLUSION & ORDER

For the reasons set forth above, the Court hereby AFFIRMS Magistrate Judge Whalen's ruling that Plaintiff is entitled to the narrow discovery at issue.

IT IS SO ORDERED.


S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  September 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 8, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager